996 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
William Thomas ALVIS, III, Defendant-Appellant.
 No. 92-5870.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 7, 1993.
Decided: June 23, 1993.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CR-89-274)
 Thomas M. Regan, Elkins, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va
 AFFIRMED.
 Before HALL and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 William Thomas Alvis, III, appeals an order of the district court revoking his supervised release and sentencing him to twenty months in prison. He asserts that the district court erred in failing to consider a departure below the mandatory minimum sentence required by 18 U.S.C.A. § 3583(g) (West Supp. 1992). We affirm.
 
 
 2
 Alvis violated the conditions of his supervised release by carrying weapons and making uncontrolled purchases and sales of drugs while working as a confidential informant. At the revocation hearing, he asked the district court to depart below the 12-18 month range of imprisonment set out in the Revocation Table, United States Sentencing Commission, Guidelines Manual, § 7B1.4, p.s. (Nov. 1991), and impose a sentence of home detention. He argued that he had earned a departure by providing substantial assistance, that a considerable number of people had a motive to kill him, and that his large size and conspicuous appearance made him unusually vulnerable. While acknowledging the value of the assistance Alvis had provided, the government declined to make a motion for a departure for substantial assistance.
 
 
 3
 The district court decided that § 3583(g) mandated a sentence of imprisonment equal to one-third the term of supervised release, and imposed a twenty-month term. Alvis contends that the district court had authority to depart if it found grounds for a departure under Chapter Five, Parts H and K of the sentencing guidelines. This view is incorrect. Guideline section 7B1.4, p.s., provides that, when a statutory mandatory minimum sentence is greater than the maximum of the guideline range for imprisonment on revocation of supervised release, the statutory minimum becomes the guideline sentence. Under 18 U.S.C.A. § 3553(e) (West Supp. 1992), a sentencing court may impose a sentence below a mandatory minimum only on a motion from the government for a departure for substantial assistance.
 
 
 4
 Moreover, the government had not agreed to make a motion for a departure in return for Alvis's assistance. Therefore, even if the court believed that Alvis had rendered substantial assistance, it could grant a remedy only if the government's motive for refusing to make the motion was based on an unconstitutional reason such as race or religion. Wade v. United States, 60 U.S.L.W. 4389 (U.S. 1992). There is no evidence of an unconstitutional motive in this case.
 
 
 5
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED